UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY HAYES,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Case No. 18-cv-06268-EMC<br><br>**ORDER OF DISMISSAL**<br><br>Docket No. 1 |

Mary Hayes, a prisoner currently incarcerated at the Federal Correctional Institution in Dublin, California, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the execution of her sentence.

A district court may entertain a petition for writ of habeas corpus challenging the execution of a federal sentence by a person who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (citation omitted).

The petition provides the following information: Ms. Hayes is currently serving a sentence of 75 months' imprisonment imposed on July 20, 2017, by the United States District Court of the District of Oregon, apparently following her failure to comply with terms of conditional release. Before she was on conditional release, she was on house arrest from August 21, 2013 through October 6, 2014. Docket No. 1 at 8-9. Her legal claim presented is that she should receive time

credits for the several months she spent on house arrest because her 24-hour house arrest was "official detention" for purposes of 18 U.S.C. § 3585(b), which states that a "defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences."

Ms. Hayes admits that she has not exhausted the administrative appeals process available for prisoners in the Bureau of Prisons ("BOP"). Docket No. 1 at 2, 9. She asks that the Court excuse the failure to exhaust administrative remedies in the interest of justice apparently because she believes the pursuit of administrative remedies would be futile. Docket No. 1 at 9.

Section 2241 does not specifically require petitioners to exhaust available remedies before filing petitions for writ of habeas corpus. *Castro-Cortez v INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). Nonetheless, courts "require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Id.* (citations omitted); *see also Chua Han Mow v. United States*, 730 F.2d 1308, 1313-14 (9th Cir. 1984) (citing *United States v. Clayton*, 588 F.2d 1288 (9th Cir. 1979)) (case in which computation is challenged is "exactly type of case in which exhaustion of administrative remedies should be required"). The requirement may be waived in limited circumstances because it is not a jurisdictional prerequisite. *Castro-Cortez*, 239 F.3d at 1047; *see, e.g.*, *Laing v Ashcroft*, 370 F.3d 994, 1000-01 (9th Cir. 2004) (listing circumstances when waiver of exhaustion requirement may be appropriate).

The exhaustion requirement will not be excused here because further development of the record by way of the administrative appeals process would be helpful in this case. From the allegations in the petition, it is not clear whether Ms. Hayes has even asked the BOP to award her credit for the time she spent under house arrest. The dispute and the BOP's reasoning for denying her the time credits, if the BOP does deny her the time credits, most likely will be explained and documented during the administrative appeals process in a way that will enable the Court to better understand the nature of the dispute. Ms. Hayes' unilateral belief that she will not get what she wants in the administrative appeals process does not provide a basis to skip the process entirely.

Accordingly, the petition for a writ of habeas corpus under § 2241 is DISMISSED without

prejudice to Ms. Hayes filing a new petition for writ of habeas corpus after exhausting the BOP's administrative appeals process if she does not obtain the desired relief during the BOP's administrative appeal process. Because exhaustion is required *before* the petition is filed, Ms. Hayes must file a new petition rather than amending the petition in this action. When her new petition is filed, it will get a new case number.

The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: March 19, 2019

_____
EDWARD M. CHEN
United States District Judge